[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER ON MOTION 108.00
The defendant moves to strike the plaintiffs claims for wrongful discharge, breach of contract and emotional distress.
COUNT ONE
The plaintiffs wrongful discharge claim fails because she does not allege that she was discharged in violation of an important public policy. See Lachever v. Journal Register,
Superior Court, judicial district of Litchfield, Docket No. 065372 (February 15, 1995, Pickett, J.) (whether the employer acted arbitrarily, capriciously or unfairly is irrelevant to a claim for wrongful discharge).
COUNT TWO
The breach of employment contract claim fails because the plaintiff does not allege that her employment contract was for a definite period of time. "[C]ontracts of permanent employment, or for an indefinite term, are terminable at will." Sheets v.Teddy's Frosted Foods. Inc., 179 Conn. 471, 474, 427 A.2d 385
(1980).
COUNT THREE
Although the plaintiff does not specify whether she is claiming intentional or negligent infliction of emotional distress, the plaintiffs claim fails under either theory. CT Page 12664
The plaintiffs intentional infliction of emotional distress claim is legally insufficient because the plaintiff does not allege conduct that was extreme or outrageous. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) Finucanev. Dandio, Superior Court, judicial district of New Haven at New Haven, Docket No. 366182 (May 17, 1999, Levin, J.).
The plaintiff does not state a cause of action for negligent infliction of emotional distress because she does not allege that any aspect of the termination was done in an inconsiderate or embarrassing manner, nor does she allege any unreasonable conduct outside of termination. See Parsons v. United Technologies Corp.,243 Conn. 66, 88, 700 A.2d (1997). "Where the allegations fail to establish that the meeting or any other aspect of the actual discharge was done in an inconsiderate, humiliating or embarrassing manner, [t]he mere fact of termination . . . does not give rise to a claim for unintentional infliction of emotional distress" (Internal quotation marks omitted.) Lund v.Stern and Co., Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463413 (April 4, 1995, Stengel, J.).
CONCLUSION
The motion to strike is granted in its entirety. So ordered.
Karazin, J.